IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**KENNETH ARUGU,**           CIV-01-7460-
                                         DIMITROULEAS/Johnson

       **Plaintiff,**

v.

**CITY OF SUNRISE, CITY OF SUNRISE
POLICE DEPARTMENT, JOEL SCHILLER,
BEN HODGERS, MARC PLUNSKE, RAY
HERRERA, MARK HUDSON, STEVEN
AKSELROD, DEBBIE AYCOCK,
RANDAZZO, and MILLS CORPORATION**

_____/



## MOTION TO COMPEL DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendant, CITY OF SUNRISE, by and through the undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37, hereby moves this Court for entry of an Order compelling Plaintiff to respond to discovery demands previously propounded upon the Plaintiff, and states:

1. On October 22, 2001, Defendant propounded initial Interrogatories and a Request to Produce upon the Plaintiff.

2. Plaintiff's responses to Defendant's discovery requests were due on November 26, 2001.

3. To date, Plaintiff has failed to respond to the above-mentioned discovery requests, despite undersigned counsel's good faith effort to obtain Plaintiff's responses.

4. In accordance with Local General Rule 26.1.I, Defendant's counsel certifies to



the Court that it has attempted to confer with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion. Specifically, on November 30, 2001, Defendant's counsel sent a letter to Plaintiff's counsel demanding Plaintiff's responses to Defendant's discovery requests by December 10, 2001. To date, Defendant's counsel have not received a response to the November 30, 2001, letter, nor have they received Plaintiff's responses to Defendant's discovery requests.

5. Even assuming, arguendo, that the requests were somehow objectionable, in whole or in part, Plaintiff has waived any possible objections. See Fed. R. Civ. P. 33(b)(4); Local Rules 26.1.G.6(a); Young v. United States, 149 F.R.D. 199, 206 (S.D. Ca. 1993) (party's failure to serve timely objections to discovery requests constitutes waiver of any objections which the party might have to the requests).

6. Defendant therefore requests that the Court enter an order compelling Plaintiff to respond immediately to Defendant's discovery requests.

## **MEMORANDUM OF LAW**

Rule 37 of the Federal Rules of Civil Procedure is clear and unambiguous concerning Defendant's entitlement to move for an order compelling discovery. Specifically, the Rule states in pertinent part:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: . . . (B) . . . if a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2). In the instant case, Plaintiff's complete failure to respond to Defendant's discovery requests entitles Defendant to an order compelling the requested disclosure.

The federal courts routinely grant motions to compel for a party's failure to respond to discovery requests. See Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195 (M.D. Fla. 1990). Thus, because Plaintiff has refused to adequately provide complete discovery responses, Defendant's Motion should be granted.

WHEREFORE, it is respectfully requested that this Court enter an Order compelling Plaintiff to respond to the Interrogatories and Request to Produce propounded on October 22, 2001. To date, Plaintiff has failed to respond to the above-mentioned discovery requests, despite undersigned counsel's good faith effort to obtain Plaintiff's responses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Compel has been furnished by mail delivery this 8 day of January, 2002, to Odiator Arugu, Esq., The Florida Law Firm, PLC, 1999 W. Colonial Drive, Suite 213, Orlando, FL 32804-1847, Oscar E. Marrero, Esq., O'Connor, Chimpoulis, Restani, Marrero & McAllister, P.A., 2801 Ponce De Leon Blvd., Ninth Floor, Coral Gables, FL 33114 and Earleen Herod Cote, Kupicki Draper, 1 East Broward Boulevard, Ft. Lauderdale, FL 33301.

JOHNSON, ANSELMO, MURDOCH,
 BURKE & GEORGE, P.A.
Attorneys for City of Sunrise
790 East Broward Boulevard, Suite 400
Fort Lauderdale, FL 33301
(954) 463-0100 (Telephone)
(964) 463-2444 (Facsimile)

By: _____
RICHARD H. McDUFF
Florida Bar No. 724671
ERIN E. GILL
Florida Bar No.: 0121169