127

1     A.    That's a probable cause affidavit.
2     Q.    Did you prepare that?
3     A.    Yes.
4     Q.    And what offenses did you have there as
5  offenses to be charged with?
6     A.    Battery on a law enforcement officer,
7  operating a business in the city without a license,
8  city ordinance.  That's it.
9     Q.    And again it's correct that Mr. Arugu was
10 not charged with operating a business without a
11 license; correct?
12          MR. McDUFF:  Object to the form, lack of
13          foundation, mischaracterizes testimony.
14    Q.    Mr. Arugu was not charged with operating
15 a business without a license; correct?
16          MR. McDUFF:  Object to the form,
17          mischaracterizes testimony.
18    A.    That's incorrect.  I charged him with
19 operating a business in the city without a license,
20 yes, as indicated on the arrest report.
21    Q.    Was Mr. Arugu formally charged in court
22 with operating a business without a license?
23    A.    Are you referring to --
24    Q.    Was Arugu formally charged in court with
25 operating a business without a license?

responses.

4. In accordance with Local General Rule 26.1.I, Defendant's counsel certifies to the Court that it has attempted to confer with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion. Specifically, on January 9, 2002, Defendant's counsel sent a letter to Plaintiff's counsel demanding Plaintiff's responses to Defendant's discovery request by January 18, 2001. To date, Defendant's counsel have not received a response to the January 9, 2002, letter, nor have they received Plaintiff's responses to Defendant's discovery requests.

5. Even assuming, arguendo, that the requests were somehow objectionable, in whole or in part, Plaintiff has waived any possible objections. See Fed. R. Civ. P. 33(b)(4); Local Rules 26.1.G.6(a); Young v. United States, 149 F.R.D. 199, 206 (S.D. Ca. 1993) (party's failure to serve timely objections to discovery requests constitutes waiver of any objections which the party might have to the requests).

6. Defendant therefore requests that the Court enter an order compelling Plaintiff to respond immediately to Defendant's Second Request for Production.

## MEMORANDUM OF LAW

Rule 37 of the Federal Rules of Civil Procedure is clear and unambiguous concerning Defendant's entitlement to move for an order compelling discovery. Specifically, the Rule states in pertinent part:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: . . . (B) . . . if a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2). In the instant case, Plaintiff's complete failure to respond to Defendant's discovery requests entitles Defendant to an order compelling the requested disclosure.

The federal courts routinely grant motions to compel for a party's failure to respond to discovery requests. See Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195 (M.D. Fla. 1990). Thus, because Plaintiff has refused to adequately provide complete discovery responses, Defendant's Motion should be granted.

WHEREFORE, it is respectfully requested that this Court enter an Order compelling Plaintiff to respond to the Second Request to Produce propounded on November 28 2001. To date, Plaintiff has failed to respond to the above-mentioned discovery requests, despite undersigned counsel's good faith effort to obtain Plaintiff's responses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Compel has been furnished by mail delivery this 25 day of January, 2002, to Odiator Arugu, Esq., The Florida Law Firm, PLC, 1999 W. Colonial Drive, Suite 213, Orlando, FL 32804-1847, Oscar E. Marrero, Esq., O'Connor, Chimpoulis, Restani, Marrero & McAllister, P.A., 2801 Ponce De Leon Blvd., Ninth Floor, Coral Gables, FL 33114 and Earleen Herod Cote, Kupicki Draper, 1 East Broward Boulevard, Ft. Lauderdale, FL 33301.

          JOHNSON, ANSELMO, MURDOCH,
            BURKE & GEORGE, P.A.
          Attorneys for City of Sunrise
          790 East Broward Boulevard, Suite 400
          Fort Lauderdale, FL  33301
          (954) 463-0100 (Telephone)
          (964) 463-2444 (Facsimile)

By: _____
          RICHARD H. McDUFF
          Florida Bar No. 724671
          ERIN E. GILL
          Florida Bar No.: 0121169